UNITED STATES DISTRICT COURT
AT LOUISVILLE
CRIMINAL ACTION NO. 3:21-CR-12-BJB-3

UNITED STATES OF AMERICA     PLAINTIFF

V.     **Electronically Filed**

NATHANIEL DURHAM, et al.     DEFENDANT

\* \* \* \* \*

## **DEFENDANT NATHANIEL DURHAM'S TRIAL MEMORANDUM**

Comes the Defendant, Nathaniel Durham, by his appointed counsel, and files this Trial Memorandum pursuant to the Court's Order of May 9, 2022 [DN 78]:

### **STATUTE INVOLVED AND ELEMENTS OF THE OFFENSE**

The Indictment charges Mr. Durham in Count Four with knowingly possessing a firearm on December 3, 2020, that had traveled in interstate or foreign commerce with knowledge that he had previously been convicted in any court of a crime punishable by imprisonment for a term exceeding one year, as proscribed by 18 U.S.C. §922(g).

### **STATEMENT OF THE CASE AND DISPUTED FACTS**

The Government alleges that on December 3, 2020, Louisville Metro Police Department (LMPD) officers were conducting surveillance of co-defendant Marquise Reyes' residence located at 3213 Utah Avenue #1, Louisville, Kentucky. The officers observed a 2016 Ford Escape (that was previously reported stolen) pull into the parking lot of the apartments. Three individuals were observed getting out of the vehicle and walking into the apartment building.

Approximately thirty (30) minutes later the three individuals and Mr. Reyes exited the apartment building and walked to the vehicle. One of the men, co-defendant Phillip Barnes, was

1

observed carrying a black rifle. As Mr. Durham was preparing to enter the vehicle's rear passenger side door, numerous officers left their surveillance locations and ran toward all four subjects with weapons drawn, identifying themselves as police and shouting for them to get down on the ground. Mr. Durham fled on foot from his position outside the vehicle and was apprehended after a short foot chase. Co-defendant Reyes was also apprehended after a short foot chase. The two remaining co-defendants were seated in the vehicle when they were taken into custody.

Mr. Cosby had a firearm in a pocket of the clothes that he was wearing. The rifle that was observed earlier was recovered next to the vehicle's center console. Another firearm was found inside the center console.

Another pistol was recovered on the ground outside the vehicle. The Government alleges that Mr. Durham possessed this firearm. This fact is in dispute.

## UNRESOLVED SUBSTANTIVE ISSUES OF LAW

Counsel for Mr. Durham timely filed his Motion in Limine [84] that requested the Court to exclude from introduction at trial particular portions of the potential testimony of police officer witnesses, which were elicited by the United States during the Suppression Hearing conducted on February 22, 2022. Counsel for the Government has filed its Motion for an Extension of Time [DN 91] for the Court to consider the arguments contained in the Response to Defendant Durham's Motion in Limine [DN 92]. As of the time of this Trial Memorandum is filed, the Motion for filing out of time (and whether counsel for Mr. Durham will be allowed to file a Reply to the late Response) stand submitted.

In conjunction with the Government's argument in its Response to Durham's Motion in Limine, the Government filed a Notice to Introduce Other Acts Evidence pursuant to Fed.R.Evid.404(b) [DN93]. In this Notice the United States proposes to offer into evidence in its

case-in-chief the fact that the Ford Escape was a stolen vehicle and that the police had taken steps before December 3, 2022, to install a pole camera in order to monitor the continuing criminal activity in and around the parking lot. As of the time of this Trial Memorandum is filed, the time for filing a Response in opposition to the Government's Motion has not expired (LCrR 47.1(d)).

However, this Court can issue orders regarding the timing for filing a Response and/or a Reply to these issues.

## EVIDENTIARY TRIAL ISSUES

The undersigned has not identified any significant evidentiary trial issues other than those already identified in this Trial Memorandum.

It is anticipated that Mr. Durham will stipulate to the fact that he had previously been convicted of a crime punishable by imprisonment for a term of more than one year, as this is an element of Count Four. *See Old Chief v. United States*, 519 U.S. 172, 117 S.Ct. 644 (1997).

## PROPOSED SUBSTANTIVE AND SPECIAL JURY INSTRUCTIONS

Counsel for the United States and Mr. Durham have communicated and agreed to the expected use of standard jury instructions of the Sixth Circuit that define the charged offense, inferring a defendant's mental state, actual and constructive possession, and other evidentiary matters (Chapters 2.00, 7.00 and 12.00). Counsel for the United States notified counsel that additional instructions may be proposed. Should there be an objection to any additional instruction(s), the Court has set August 19, 2022, as the date theses objections will be due.

Mr. Durham has no special jury instructions to tender at this time; however, the Defendant requests leave to offer additional instructions depending upon the evidence introduced at trial.

## PROPOSED VOIR DIRE QUESTIONS

The Defendant attaches hereto proposed voir dire questions.

## EXHIBIT LIST

Mr. Durham does not have any items sought to be introduced as exhibits for the Defendant Durham at this time. Should an item come into the possession of Defendant's counsel for this purpose, undersigned counsel will supplement this pleading.

>Respectfully submitted,
>
>/s/LARRY D. SIMON
>LARRY D. SIMON
>Attorney for Defendant, NATHANIEL DURHAM
>American Life Building
>471 West Main Street – Suite 200
>Louisville, Kentucky 40202
>(502) 589-4566
>larrysimonlawoffice@gmail.com

## CERTIFICATE OF SERVICE

It is hereby certified that this pleading was electronically filed through the ECF system, which will send electronic notice of filing to counsel of record, on this the 5th day of August, 2022.

>s/LARRY D. SIMON
>LARRY D. SIMON