**FILED**

JAMES J. VILT JR,
CLERK

August 5, 2022

U.S. DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                    PLAINTIFF


v.                                    CRIMINAL ACTION NO. 3:21-CR-12-BJB


PHILLIP BARNES                                              DEFENDANTS
NATHANIEL DURHAM
JEREMY COSBY

## PRETRIAL MEMORANDUM
*-- Filed Electronically --*

Comes now the United States of America, by counsel, Assistant United States Attorney

Alicia P. Gomez, and submit this Pretrial Memorandum to assist the Court in presiding over this

trial.

## A.  STATUTES INVOLVED AND ELEMENTS OF OFFENSES

### COUNTS 3, 4, and 5
### Knowing Possession of a Firearm by a Convicted Felon

(1)     The defendant has a prior felony conviction.

(2)     The defendant knowingly possessed a firearm.

(3)     The firearm traveled in interstate commerce.

(4)     The defendant knew that he was a felon.

Title 18, United States Code, Section 922(g)(1).


## B. STATEMENT OF FACTS

The United States statement of facts is as follows:

On December 3, 2020, Louisville Metro Police Department (LMPD) detectives observed

a grey in color 2016 Ford Escape arrive at Derby City Oaks Apartments and back into a parking spot. Detectives had a pole camera in the area based on reported criminal activity, including stolen vehicles. Detectives observed three African American males exit the vehicle and walk into 3213 Utah Avenue. One of the individuals was observed carrying a rifle. Detectives observed the vehicle bore a Kentucky temporary tag on the rear license plate. Detectives suspected the vehicle may be stolen and obtained the vehicle's identification number (VIN) from the dashboard. A query of the VIN revealed the vehicle was reported stolen on October 28, 2020.

After a short period of time, detectives observed four African American males walking back to the Ford Escape. Detectives recognized one of the individuals as being Marquise Reyes, a known convicted felon. The other three individuals were later identified to be Jeremy Cosby, Phillip Barnes, and Nathaniel Durham. Barnes was observed by detectives carrying a riffle.

As the suspects reached the stolen vehicle, law enforcement converged on the suspects. Reyes and Durham fled on foot. Both Reyes and Durham discarded firearms before being taken into custody. Cosby was seated in the front passenger seat of the Ford Escape when he was taken into custody. Cosby possessed a firearm in the front pocket of his sweatshirt. Barnes was seated in the driver's seat of the Ford Escape and the rifle he was observed carrying was leaning against the center console. An additional firearm was located inside the center console of the Ford Escape. Law enforcement confirmed all four suspects were convicted felons and are not permitted to possess firearms. All four suspects were arrested. On February 23, 2021, the grand jury charged all four individuals with possession of a firearm by a prohibited person.

The defendants dispute their possession of the firearms.

## C.  SUBSTANTIVE ISSUES OF LAW

Defendant Durham has filed a Motion *in Limine* (DN 84) requesting the Court to preclude from testimony evidence that the vehicle used by defendants was stolen. The United States has responded (DN 92). Defendant Durham has indicated he will likely file a reply to the United States' response.

Moreover, Defendant Durham filed a motion to suppress the evidence seized (DN 48). A suppression hearing was held based on the motion and a report and recommendation was issued by the Magistrate Judge (DN 72). The parties have filed responses to the Magistrate's Report and Recommendation and this matter stands submitted to the Court.

The United States has filed a Notice to Introduce Other Acts Evidence pursuant to Fed.R.Evid.404(b) (DN 93). As of the time of this filing, the time for filing a response to the government's Motion/Notice has not lapsed.


## D.  EVIDENTIARY ISSUES

### A.  Stipulations

The United States will send to counsel of record a request for stipulations regarding the defendants' status as convicted felons, as well as their knowledge of that status.

### B.  Evidence of Potential Penalty is Not Relevant.

The United States requests that the defendants be precluded from introducing evidence or commenting in any way about the potential penalty they would face upon conviction.  Courts have long held that the question of punishment should never be considered by a jury in a criminal case. *United States v. McDonald*, 935 F.2d 1212, 1222 (11th Cir. 1991).  "It is axiomatic that it is the exclusive function of juries to determine whether defendants are guilty or not guilty, and of the

Court to determine matters of punishment." *United States v. Davidson*, 367 F.2d 60, 63 (6th Cir. 1966). (Citing *Sullivan v. United States*, 317 F.2d 101, 102 (5th Cir. 1963)).

Section 8.05 of the Sixth Circuit Pattern Criminal Jury Instructions, current through February 3, 2022, makes it clear that any decision regarding punishment in a criminal case is the province of the trial judge, not the jury. Therefore any evidence, question, or argument regarding penalty would be improper and thus inadmissible.

## E.  POTENTIAL TRIAL PROBLEMS

The United States is not aware of any potential trial problems.

## F. SUBSTANTIVE AND SPECIAL JURY INSTRUCTIONS

Agreed Jury Instructions:

The United States has tendered proposed jury instructions by separate filing. Counsel for the United States has conferred with counsel for the defendants, and they do not object to the Sixth Circuit Pattern Jury Instructions tendered by the United States.

Special Jury Instructions:

Recently, in *Wooden v. United States*, 142 S. Ct. 1063 (2022), the Supreme Court held that ten burglaries committed over the course of a single night in adjoining storage units were not "committed on occasions different from one another" under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(i). In so holding, the Court rejected a rule that offenses committed sequentially necessarily occur on different occasions. Instead, the Court held that the different-occasions inquiry "is more multi-factored in nature": "Offenses committed close in time, in an

uninterrupted course of conduct, will often count as part of one occasion; not so offenses separated by substantial gaps in time or significant intervening events. Proximity of location is also important; the further away crimes take place, the less likely they are components of the same criminal event. And the character and relationship of the offenses may make a difference: The more similar or intertwined the conduct giving rise to the offenses—the more, for example, they share a common scheme or purpose—the more apt they are to compose one occasion." *Wooden*, 142 S. Ct. at 10701.

Before *Wooden*, the government consistently argued that, pursuant to *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), sentencing judges may determine whether a defendant has committed three or more predicate felonies on "occasions different from one another" under the ACCA. In *Almendarez-Torres*, the Court held that "the fact of a prior conviction" presents a "narrow exception" to the general requirement that, under the Sixth Amendment, a jury must find beyond a reasonable doubt any fact that increases either the statutory maximum or minimum punishment. *Alleyne v. United States*, 570 U.S. 99, 111 n.1 (2013); *see Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). The government contended that a sentencing court's authority under *Almendarez-Torres* to determine the fact of a prior conviction extends to the determination of when a defendant's prior offenses occurred, and whether they occurred on separate occasions.

In light of the "multi-factored" and "holistic" inquiry now required by *Wooden*, 142 S. Ct. at 1070-71, the government concedes that a jury must find (or a defendant must admit) that a defendant's ACCA predicates were committed on occasions different from one another. Although *Almendarez-Torres* permits a sentencing judge to find the fact *of* a prior conviction, including the elements of the offense, it has prohibited a judge from finding non-elemental facts *about* a prior conviction. *See, e.g.*, *Descamps v. United States*, 570 U.S. 254, 270 (2013) ("[T]he court did just

what we have said it cannot: rely on its own finding about a non-elemental fact to increase a defendant's maximum sentence."). Such non-elemental facts are precisely what a sentencing judge would need to find under the different-occasions inquiry now required by *Wooden*. Indeed, the Court in *Wooden* specifically explained that, when conducting the different-occasions inquiry, "[t]iming of course matters, though *not* in the split-second, *elements-based* way the Government proposes." *Id.* at 1070 (emphasis added).

In light of the *Wooden* decision, prosecutors have been directed to ensure that the different-occasions requirement is adequately conveyed in jury instructions and plea colloquies, and have been instructed to request a special verdict form in which the jury is required to indicate whether it has found that requirement established beyond a reasonable doubt. Furthermore, despite recent Sixth Circuit case law, in *United States v. Belcher*, 21-5414, slip op. at 3 (6th Cir. July 12, 2022), which reiterates that the law in this circuit is that the different occasions fact is for the judge to find at sentencing, the Department of Justice takes the position that the court should submit the question to the jury.

In light of the guidance provided to prosecutors on the matter, the government proposes the following jury instruction:

> *The government further alleges that the defendant committed the charged offense after having been convicted of three other crimes that were committed on occasions different from one another. Specifically, the government has presented evidence that the defendant has prior convictions for [list offenses]. You must determine whether those offenses were committed on different occasions. Crimes occur on different occasions when they are distinct events, occurrences, or episodes, rather than part of a single, uninterrupted course of conduct. In deciding whether the defendant's prior offenses occurred on different occasions, you may consider a variety of factors, including the time, location, and character of the offenses.*

Moreover, it will likely be necessary to present additional evidence, this special jury instruction and a special verdict form in a bifurcated portion of the trial. As indicated above, the

United States objects to the jury being informed of the sentencing consequences that attach to a finding that prior offenses were committed on different occasions, or about the ACCA generally. *See Rogers v. United States*, 422 U.S. 35, 40 (1975) (explaining that, in a non-capital case, "the jury ha[s] no sentencing function and should reach its verdict without regard to what sentence might be imposed").

Counsel for the United States has not discussed this special jury instruction with counsel for the defendants.

## G.  PROPOSED VOIR DIRE QUESTIONS

1.  Is any member of the panel acquainted, either professionally or socially, with:

    a.  The defendant?
    b.  The defense attorney?
    c.  The case agent?
    d.  The Assistant United States Attorneys?

2.  This is a criminal case.  Do any of you have any moral, religious or philosophical beliefs that would prohibit you from being a fair and impartial juror in this case?  In other words, does anyone have a problem with sitting in judgment of another person?

3.  This case was investigated by the Bureau of Alcohol, Tobacco, Firearms & Explosives, and the Louisville Metro Police Department.  Has any member of the panel or any member of your family or your close friend/associate had any negative contact with any law enforcement agency? Does anyone hold any negative views of law enforcement officers in general? Would these experiences or opinions affect your ability to be fair and impartial to the government in this case?

4.  Has any member of the panel or any member of your immediate family or close friend/associate had an unpleasant experience in court or involving lawyers which would cause

you to be biased against either of the parties?

5.  Have you or anyone close to you ever been investigated, arrested or convicted of a non-traffic related violation of state or federal law?

6.  Have you or anyone in your family or a close friend ever testified in a criminal trial?

7.  Have you or anyone in your family or a close friend ever been involved in a suit or other dispute against any government agency, particularly the Bureau of Alcohol, Tobacco, Firearms & Explosives, or the Louisville Metro Police Department?

8.  Have you ever served on jury duty before? Was it a criminal case or a civil case? If so, was the jury able to reach a verdict? What was it?

10.  Have you or anyone in your family or a close friend ever received any legal training, practiced law, or worked in an attorney's office?

11.  Is there any member of the panel who would not believe the sworn testimony of a government or state agent merely because he or she was a police officer or government employee?

12.  How many of you regularly watch crime dramas on t.v. like "C.S.I." or "Law and Order"?  Asking you if you understand that those shows are fiction and this is real, would insult your intelligence and that is not my purpose.  However, I want to ask some questions about

expectations.  Many times those shows feature a scientific test that solves the case or a witness who confesses on the witness stand.  Do any of you expect to hear those types of evidence?  The judge will instruct you on the elements of each offense.  Those are the facts that the government must prove to you beyond a reasonable doubt.  That is the burden.  Will any of you hold the government to a different burden based on your expectations or require them to prove to you something that is not in the instructions.   In other words, can you convict someone if the government has proven all the elements of the crime, but has not proven something else, something about which you may be wondering?

13.     That brings me to the burden of proof.  You'll hear that the government has the burden of proof and the standard it has to meet is proof beyond a reasonable doubt.  That doesn't mean that they have to prove the case beyond all doubt, just that which is reasonable.  Does anyone have a problem with that?

14.     There are two types of evidence, direct and circumstantial.  Direct evidence can be physical evidence such as a gun or some drugs.  It can also be testimony.  Circumstantial evidence is evidence that requires jurors to draw an inference from a set of facts.  For example, if you go to bed at night and there is no snow on the ground, but when you wake up in the morning, the ground is covered with snow, your observations are circumstantial evidence that it snowed during the night.  Does everyone understand that the law has no preference for either type of evidence and doesn't presume that one is better than the other?  Does anyone have a problem with that?

15.     Do any of you believe that the possession of firearms should be legalized under all

circumstances? Does anyone believe convicted felons should be allowed to have firearms?

16.     If selected as a juror in this case, do you understand that any personal feelings you may have must be set aside if they conflict with the law as the Court will instruct you?

17.     Do you understand that in federal courts, punishment, if any, is imposed by the Court and that your verdict must in no way be affected by your concern for what punishment, if any, would be proper? Would each of you be able to consider the facts of the case and render a verdict without concern for what punishment would later be imposed?

18.     Do you understand that a defendant on trial is entitled to a presumption of innocence, but as with all presumptions, it may be overcome by competent evidence?

19.     Do any of you have difficulty hearing, seeing or sitting for long periods of time?

20.     Do any of you have events going on in your lives that would distract your attention from the testimony and evidence of this case?

21.     Do any of you know one another?  If so, would you be influenced by the opinions or beliefs of the person you know?

## H.  EXHIBIT LIST

The United States submits under separate cover a draft exhibit list and will supplement as

needed. The exhibits will be comprised of photographs, video clips, documents, and physical evidence collected, including firearm evidence. The United States will confer with counsel prior to trial regarding the authentication of the exhibits and bring to the Court's attention any issues arising therefrom.

## I.  WITNESS LIST

The United States shall submit, by separate filing, a proposed witness list for the Court's *in camera* review.

Respectfully Submitted,

MICHAEL A. BENNETT
UNITED STATES ATTORNEY

*s/ Alicia P. Gomez*
Alicia P. Gomez
Assistant United States Attorney
717 West Broadway
Louisville, Kentucky 40202
(502) 582-6326
(502) 582-5067 (fax)
alicia.gomez@usdoj.gov

## CERTIFICATE OF SERVICE

On August 5, 2022, I electronically filed this document through the ECF system, which will send a notice of electronic filing to all Counsel of record.

*s/ Alicia P. Gomez*
Assistant United States Attorney