UNITED STATES DISTRICT COURT
AT LOUISVILLE
CRIMINAL ACTION NO. 3:21-CR-12-BJB-3

UNITED STATES OF AMERICA                                                        PLAINTIFF

V.                                                                    **Electronically Filed**

NATHANIEL DURHAM, et al.                                                       DEFENDANT

* * * * *

### DEFENDANT NATHANIEL DURHAM'S REPLY TO UNITED STATES' RESPONSE TO DEFENDANT DURHAM'S MOTION IN LIMINE

Comes the Defendant, Nathaniel Durham, by his appointed counsel, and for his Reply to the United States' Response to his Motion in Limine, states as follows:

The United States' justification for its objection to the Motion in Limine is contained in one paragraph at the end of its Response, as follows:

> At trial, the United States intends to introduce the video depicting the events of December 3, 2020. The fact that the vehicle was stolen will provide the jury context for why the officers conducted the arrest in the manner depicted on the video, and why Defendant Durham reacted to the presence of law enforcement by fleeing and tossing a firearm. **Should the Court exclude this evidence, the jury is left to assume that law enforcement targeted four African American individuals with no basis….**

(Emphasis added) United States' Response to Defendant Durham's Motion in Limine, DN 92, at 3-4 (PageID ## 393-394).

Whether Durham and the other people with him were in possession of stolen property is simply not probative of any of the elements of 18 U.S.C. § 922(g)(1) with which Mr. Durham is charged.

1

The United States argues that this is background evidence that explains why Durham reacted to the presence of law enforcement by running away. However, the "'background circumstances exception' to the general exclusion of other act evidence is not an open ended basis to admit any and all other act evidence the proponent wishes to introduce," *United States v. Hardy,* 228 F.3d 745, 748 (6th Cir.2000), citing *United States v. Buchanan*, 213 F.3d 302, 311 (6th Cir. 1999) and *United States v. Paulino*, 935 F. 2d 739, 755 (6th Cir.), cert. denied, 502 U.S. 914, 112 S.Ct. 315, 116 L.Ed. 2d 257 (1991).

"[B]ackground or *res gestae* evidence consists of those other acts that are inextricably intertwined with the charged offense or those acts, the telling of which is necessary to complete the story of the charged offense." *United States v. Hardy*, 228 F.3d 745, *supra*. (citations omitted).

Here, none of the evidence Mr. Durham seeks to exclude is a necessary "prelude" to the more important charged offense. The fact that Mr. Durham was seen in the stolen vehicle earlier does not make the element of whether he was knowingly in possession of a firearm more or less probable. *See* Fed.R.Evid. 401.

Detective Kiper testified at the suppression hearing that the police were doing surveillance on Defendant Reyes' apartment. Mr. Durham was not the target of their surveillance of the activities in the parking lot. There is no evidence of Mr. Durham frequenting this location or committing crimes in the vicinity. The testimony is not necessary to explain the charged offense.

WHEREFORE, Defendant, Nathaniel Durham, respectfully moves that this Court enter his previously tendered Order (DN 84-1).

Respectfully submitted,

/s/LARRY D. SIMON
LARRY D. SIMON
Attorney for Defendant, NATHANIEL DURHAM
American Life Building
471 West Main Street – Suite 200
Louisville, Kentucky 40202
(502) 589-4566
larrysimonlawoffice@gmail.com

## **CERTIFICATE OF SERVICE**

It is hereby certified that this pleading was electronically filed through the ECF system, which will send electronic notice of filing to counsel of record, on this the 8th day of August, 2022.

                                                   s/LARRY D. SIMON
                                                   LARRY D. SIMON