UNITED STATES DISTRICT COURT
AT LOUISVILLE
CRIMINAL ACTION NO. 3:21-CR-12-BJB-3

UNITED STATES OF AMERICA                                                   PLAINTIFF

V.                                                                                                                 **Electronically Filed**

NATHANIEL DURHAM, et al.                                              DEFENDANT

\* \* \* \* \*

**DEFENDANT NATHANIEL DURHAM'S RESPONSE TO THE UNITED STATES'
NOTICE OF INTENT TO INTRODUCE EVIDENCE OF OTHER ACTS UNDER
FED. R. EVID. 404(b) AND MOTION TO ADMIT EVIDENCE OF OTHER ACTS,
RES GESTAE, AND INEXTRICABLY INTERTWINED EVIDENCE**

Comes the Defendant, Nathaniel Durham, by his appointed counsel, and for his Response to the United States' Notice of Intent to Introduce Evidence of Other Acts Under Fed. R. Evid. 404(b) and Motion to Admit Evidence of Other Acts, Res Gestae, and Inextricably Intertwined Evidence [DN 93], states as follows:

**INTRODUCTION**

The United States seeks to justify its desire "to introduce evidence that the vehicle being driven and possessed by the defendants on December 3, 2020, was stolen." However, none of the Government's arguments satisfy the requirements of the 6th Circuit for the admission of this irrelevant and unfairly prejudicial evidence.

**FACTS OF THE CASE**

On December 3, 2020, police officers were conducting surveillance of co-defendant Marquise Reyes' residence located at 3213 Utah Avenue #1, Louisville, Kentucky, which is an apartment complex adjoining a parking lot. Transcript of Suppression Hearing, February 22, 2022 [DN 68] at 16, PageID # 248. The surveillance video from a pole camera placed by the police to

record activity in the parking lot was introduced into evidence as Government's Exhibit 1. Id. at 7, PageID # 239.

Towards the beginning of the recording, a 2016 Ford Escape pulled into the parking lot of the apartments. *Id*. at 9, PageID# 241. Three individuals were observed by the police getting out of the vehicle and walking away from the parked vehicle. *Id.* One of them was Defendant Nathaniel Durham (Mr. Durham).

The testimony from the Suppression Hearing was that the vehicle had been reported stolen on October 28, 2020, thirty-five days before. *Id*. at 19, PageID# 251.

Approximately thirty (30) minutes later, the three individuals and the target of the surveillance detail (Mr. Reyes) were observed walking to the vehicle. *Id*. at 11-12, PageID## 243-244, citing Government's Exhibit 1 at 1:50ff. One of the subjects (not Mr. Durham) was carrying a rifle. *Id*. As Mr. Durham was preparing to enter the vehicle's rear passenger side door, numerous officers left their surveillance locations and ran toward all four subjects with weapons drawn, identifying themselves as police and shouting for them to get down on the ground. Mr. Durham fled on foot and was apprehended after a short chase. Mr. Durham's identity was unknown to the officers from the beginning of the surveillance period until after he had been taken into custody. *Id.* at 16, PageID # 248.

The United States claims that Mr. Durham possessed the pistol that the police found on the ground near the back bumper of the Ford Escape. *Id*. at 15, PageID# 247. Mr. Durham was charged and subsequently indicted on the present charge of unlawful possession of a firearm pursuant to 18 U.S.C. § 922(g)(1).

**A. Evidence that the car was stolen is not *res gestae*, nor is it "inextricably intertwined" with the facts of the case.**

The United States argues that this is background evidence that explains why Mr. Durham and his companions reacted to the presence of law enforcement by running away. However, the "'background circumstances exception' to the general exclusion of other act evidence is not an open ended basis to admit any and all other act evidence the proponent wishes to introduce," *United States v. Hardy,* 228 F.3d 745, 748 (6th Cir.2000), citing *United States v. Buchanan*, 213 F.3d 302, 311 (6th Cir. 1999) and *United States v. Paulino*, 935 F. 2d 739, 755 (6th Cir.), cert. denied, 502 U.S. 914, 112 S.Ct. 315, 116 L.Ed. 2d 257 (1991).

"[B]ackground or *res gestae* evidence consists of those other acts that are inextricably intertwined with the charged offense or those acts, the telling of which is necessary to complete the story of the charged offense." *Hardy*, 228 F.3d at 748 (citations omitted). Here, none of the evidence Mr. Durham seeks to exclude is a necessary "prelude" to the more important charged firearm offense. The fact that Mr. Durham was seen in a stolen vehicle some 30 minutes earlier does not make the element of whether he was knowingly in possession of a firearm more or less probable. *See* Fed.R.Evid. 401. The testimony is not necessary to explain the charged offense.

**B. Evidence regarding the status of the car is not admissible under FRE 404(b).**

FRE 404(b) states in pertinent part:

> (1) Prohibited Uses. Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
> (2) Permitted Uses. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

This Circuit has clearly and cogently set forth the procedure courts must follow in determining whether to admit uncharged misconduct evidence under FRE 404(b) in *United States v. Merryweather*, 78 F.3d 1070 (6th Cir. 1996):

> Upon objection by the defendant, the proponent of the evidence, usually the government, should be required to identify the *specific* purpose or purposes for which the government offers the evidence of "other crimes, wrongs, or acts." By so requiring, we do not mandate hypertechnicality. It is true that whether 404(b) evidence is admissible for a particular purpose will sometimes be unclear until late in the trial because whether a fact is "in issue" often depends on the defendant's theory and the proofs as they develop. Nevertheless, **the government's purpose in introducing the evidence must be to prove a fact that the defendant has placed, or conceivably will place, in issue, or a fact that the statutory elements obligate the government to prove.**
>
> After requiring the proponent to identify the specific purpose for which the evidence is offered, the district court must determine whether the identified purpose, whether to prove motive or intent or identity [or] some other purpose, is "material"; that is, whether it is "in issue" in the case. If the court finds it is, the court must *then* determine, before admitting the other acts evidence, whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice under Rule 403. If the evidence satisfies Rule 403, then, after receiving the evidence, the district court must "clearly, simply, and correctly" instruct the jury as to the *specific* purpose for which they may consider the evidence.

(Emphasis added) *United States v, Merryweather,* 78 F.3d at 1076-1077, *citing inter alia United States v. Johnson*, 27 F.3d 1186, 1193 (6th Cir.1994). *See also, e.g., United States v. Gibbs,* 797 F.3d 416, 425 (6th Cir. 2015).

Applying the Rule and the analysis outlined in *Merryweather*, there is simply no reason that the fact that the vehicle had been reported stolen should come before the jury.

## THE EVIDENCE IS NOT BEING OFFERED FOR A PERMISSIBLE PURPOSE

Of foremost importance is that there is no showing that this evidence is being offered for a purpose enumerated or related to FRE 404(b)(2). The United States argues that "[t]estimony that the vehicle was stolen will provide the jury context for why the officers conducted the arrest in the manner depicted on the video, and why Defendant Durham reacted to the presence of law enforcement by fleeing and tossing a firearm." United States' Notice of Intent to Introduce Evidence of Other Acts Under Fed. R. Evid. 404(b) and Motion to Admit Evidence of Other Acts, Res Gestae, and Inextricably Intertwined Evidence [DN 93], at 5 [PageID#: 399].

First, providing "context" for the arrest does not cover, nor does it explain or illuminate, any of the permissible purposes for use of other act evidence under FRE 404(b).

More importantly, whether Durham and the other people with him were in possession of stolen property is simply not probative of any of the elements of 18 U.S.C. § 922(g)(1) with which Mr. Durham is charged, nor does it provide any guidance for a jury in deciding whether Mr. Durham was wrongfully in possession of a firearm. *See* Fed.R.Evid. 401.

## THE UNFAIRLY PREJUDICIAL IMPACT OF THIS EVIDENCE FAR OUTWEIGHS ITS PROBATIVE VALUE

The United States has sought to justify the introduction of evidence that the car was stolen. Its logic boils down to this passage from a previous Government pleading:

> The fact that the vehicle was stolen will provide the jury context for why the officers conducted the arrest in the manner depicted on the video, and why Defendant Durham reacted to the presence of law enforcement by fleeing and tossing a firearm. **Should the Court exclude this evidence, the jury is left to assume that law enforcement targeted four African American individuals with no basis….**

(Emphasis added) United States' Response to Defendant Durham's Motion in Limine, DN 92, at 3-4 (PageID ## 393-394).

Rule 403 provides that a "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of … unfair prejudice." Fed.R.Evid. 403. "Unfair prejudice does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather, it refers to evidence which tends to suggest [a] decision on an improper basis." *United States v. Newsom*, 452 F.3d 593, 603 (6th Cir. 2006) (quoting *United States v. Bonds*, 12 F.3d 540, 567 (6th Cir. 1993) (citation and quotation marks omitted)). "Such improper grounds include 'generalizing a defendant's earlier bad act into bad character and taking that as raising the odds that he did the latter bad act now charged.'" *United States v. Bell*, 516 F.3d 432, 445 (6th Cir. 2008) (quoting *Old Chief v. United States*, 519 U.S. 172, 180-181, 117 S.Ct. 644 (1997)).

The flaw in the Government's argument is the assumption by the United States that the jury will ignore the anticipated testimony of the officers and the recorded evidence from the scene and disregard the Court's instructions containing the elements of the charged offense.

WHEREFORE, Defendant, Nathaniel Durham, respectfully requests that this Court DENY the United States' Motion.

Respectfully submitted,

/s/LARRY D. SIMON
LARRY D. SIMON
Attorney for Defendant, NATHANIEL DURHAM
American Life Building
471 West Main Street – Suite 200
Louisville, Kentucky 40202
(502) 589-4566
larrysimonlawoffice@gmail.com

**CERTIFICATE OF SERVICE**

It is hereby certified that this pleading was electronically filed through the ECF system, which will send electronic notice of filing to counsel of record, on this the 18th day of August, 2022.

s/LARRY D. SIMON
LARRY D. SIMON