UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                                                          No. 3:21-cr-12

NATHANIEL DURHAM

*****

## JURY INSTRUCTIONS

  Members of the jury, now I will instruct you about the law that you must follow in deciding this case. These instructions have three parts. First, we will discuss your duties and the general rules that apply in every federal criminal case. Second, I will explain the legal elements, or issues, that you must address to decide whether to convict the Defendant for the offense he is accused of committing. Then I will pause, and you will hear closing arguments from the lawyers—but those do not bind you like my instructions do. Third, and finally, I will talk to you about how you jurors, as a group, will deliberate and decide this case.

## I.  DUTIES OF THE JURY

  You have two main duties as a juror. The first is to decide what the facts are. You must make this decision based on the evidence that you saw and heard here in the court. It is your job—not mine—to decide what the facts are. Nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

  Your second duty is to apply the law, as I explain it, to those facts that you found and decide whether the Government has proved the Defendant guilty beyond a reasonable doubt. My job is to instruct you about the law. You are bound by the oath you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you during the trial and these instructions now. All of the instructions are important, and you should consider them together as a whole.

  The lawyers may talk about the law during their arguments. But if what they say is different from what I say, you must follow what I say. What the judge says about the law controls.

  Please work hard to perform these duties carefully and fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. The parties and I expect that you will carefully and impartially consider all of the evidence, follow the law as I give it to you, and reach a just verdict—regardless of the consequences.

1

You are to consider only the evidence in the case. Unless I instruct you otherwise, the evidence in this case consists of the sworn testimony of the witnesses (regardless of who called them), all exhibits received in evidence (regardless of who introduced them), and all facts and events that may have been admitted or stipulated to.

Statements and arguments by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you understand the evidence, but it is not evidence.

Another part of your job as jurors is to decide how credible, or believable, each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions. Use your common sense and your everyday experience in dealing with other people, and then decide what testimony you believe and how much weight you think it deserves. The weight of the evidence does not necessarily depend upon the number of witnesses who testify for either side.

Some of you may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is simply evidence, like the testimony of an eyewitness, which (if you believe it) would directly prove a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining. Circumstantial evidence is simply evidence that tends to prove a fact indirectly. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could infer that it was raining. Your job is to decide how much weight to give the direct and circumstantial evidence.

The law makes no distinction between the weight that you should give to either direct or circumstantial evidence. It does not say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## Opinion Testimony

You heard some testimony that came in the form of the witness's opinion. You do not necessarily have to accept the opinion of a witness. In deciding how much weight to give it, you should consider the witness's qualifications and how he or she reached that conclusion. Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

## Presumption of Innocence, Burden of Proof, and Reasonable Doubt

The Defendant has pled not guilty to the crime charged in the indictment. An indictment is not evidence; it is just the formal way that the Government tells a defendant what crime he is accused of committing.

The law presumes that all defendants are innocent. This Defendant, like all defendants, starts trial with a clean slate, and without any evidence at all against him.

It is not up to him to prove that he is are innocent; it is up to the Government to present evidence that overcomes this presumption. This burden stays on the government from start to finish. This means that the Defendant has no obligation to present any evidence at all.

The United States has the burden of proving its case against the Defendant "beyond a reasonable doubt." A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, from the lack of evidence, or the nature of the evidence. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt, but doubts based purely on speculation are not reasonable. Proof beyond a reasonable doubt means proof that is so convincing you wouldn't hesitate to rely and act on it in making the most important decisions in your own lives.

For you to find the Defendant guilty, you must decide that the Government has proved each element of the crime beyond a reasonable doubt. If you are convinced of this, then return a guilty verdict. If you are not convinced the Government has proved each element of the crime beyond a reasonable doubt, then return a not guilty verdict.

### Decision Whether to Testify

A defendant has an absolute right not to testify or present evidence. The fact that he did not testify or present any evidence cannot be considered by you in any way. Do not even discuss it in your deliberations. Remember that it is up to the Government to prove the Defendant guilty beyond a reasonable doubt. It is not up to the Defendant to prove that he is innocent.

### Other Acts of the Defendant

You have heard testimony that the Defendant committed acts other than the ones charged in the indictment. Remember that the Defendant is on trial here only for unlawfully possessing a weapon, not for anything else. Do not return a guilty verdict unless the Government proves the crime charged in the indictment beyond a reasonable doubt.

### Objections

The lawyers for both sides may have objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have every right to object if they think that something is harmful and not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial. Please do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case.

## II. <u>RULES OF LAW</u>

The Defendant is on trial only for the particular crime charged in the indictment: knowing possession of a firearm, which traveled in interstate commerce, by a convicted felon who knew that he had been convicted of a crime punishable by more than a year in prison. Your job is limited to deciding whether the Government has proved the crime charged.

### Possession of a Firearm by a Convicted Felon

Federal law prohibits the knowing possession of a firearm by a convicted felon. For you to find the Defendant guilty of this crime, you must find that the Government has proved each of the following elements beyond a reasonable doubt:

(1) The Defendant has been convicted of a crime punishable by imprisonment for more than one year;

(2) The Defendant knowingly possessed the firearm at issue (a Sig Sauer 9-millimeter caliber pistol);

(3) When the Defendant possessed that firearm, he knew he had been convicted of a crime punishable by imprisonment for more than one year; and

(4) The specified firearm crossed a state line before the Defendant allegedly possessed it. (The Government may satisfy this element by establishing that the firearm was manufactured in a state other than Kentucky.)

The Government and the Defendant have agreed, or "stipulated," to certain facts. Therefore, you must accept the following fact as proved:

(1) That prior to on or about December 3, 2020, the Defendant had been convicted of a crime punishable by imprisonment for more than one year.

(2) That prior to on or about December 3, 2020, the Defendant knew he had been convicted of a crime punishable by imprisonment for more than one year.

Now I will give you more detailed instructions on some of these elements.

First, regarding possession, the Government must prove that a defendant had direct, physical control over the firearm and knew he had control of it. The Defendant does not have to own the firearm in order to possess the firearm.

Second, the term "firearm" means any weapon that will, or is designed to, or may readily be converted to, expel a projectile by the action of an explosive.

Third, the term "knowingly" means voluntarily and intentionally, and not because of a mistake or accident. Ordinarily, there is no way to directly prove someone's state of mind because no one can read another person's mind and tell what

that person is thinking. But someone's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the Defendant did, how the Defendant acted, and any other facts or circumstances in evidence that show what was in the Defendant's mind.

All of this is for you to decide. If you are convinced that the Government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, however, then you must find the Defendant not guilty of this charge.

### III. JURY DELIBERATIONS

When you go back to the jury room, you will select one juror to act as your foreperson. The foreperson will preside over your deliberations and will serve as your spokesperson here in courtroom.

Please take these instructions to the jury room. When you have reached a unanimous agreement, the foreperson should complete the attached verdict form in accordance with the jury's verdict, write the date, and sign the verdict form on behalf of the jury. You will then tell the officer and return with your verdict to the courtroom.

Some of you may have taken notes during the trial. Any juror may use notes to refresh his or her memory of evidence presented at trial, but you should not rely on the notes as definitive fact or as evidence. Juror notes do not necessarily carry any greater weight than memory. And a juror's memory unaided by notes is just as significant as a juror's memory that is not. Jurors should not be influenced by another juror's notes.

Once you start deliberating, talk about the case only with other members of the jury—not with the security officer, or me, or anyone else. If you have any questions or messages, you must write them down on a piece of paper, sign them, and give them to the security officer. He will give them to me, and I will respond as soon as I can. I will have to talk to the lawyers about what you have asked, so it may take some time to get back to you. Any questions or messages normally should be sent to me through your foreperson. Do not ever write down or tell anyone outside the jury room how you stand on your votes. That should stay secret until you are finished.

It is your duty as jurors to consult with one another with a view to reaching an agreement if you possibly can at least do so without going against your individual judgment. You must each decide this case for yourself, but only after you impartially consider the evidence with your fellow jurors. During your deliberations, if you become convinced your own view is wrong, do not hesitate to reexamine your views and change your opinion. But do not surrender your honest conviction regarding the weight or effect of the evidence solely because of the opinion of your fellow jurors, or merely so the group can finish and return a verdict. All twelve of you must unanimously agree on the verdict.

If you decide that the Defendant is guilty, then it will be my job to decide what the appropriate punishment should be. You may not consider punishment in reaching your verdict—only whether the Government has met its burden of proof.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                                                          No. 3:21-cr-12

NATHANIEL DURHAM

**Verdict Form**

    Do you find beyond a reasonable doubt that on December 3, 2020, the Defendant, knowing that he had been convicted of a crime punishable by more than a year in prison, knowingly possessed a Sig Sauer 9-millimeter firearm that had traveled across state lines? If so, please indicate this by marking "guilty" below. If not, please indicate this by marking "not guilty" below.

GUILTY _____  NOT GUILTY _____

_____
FOREPERSON'S SIGNATURE

_____
FOREPERSON'S JUROR NUMBER

DATE _____