UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CRIMINAL ACTION NO. 3:21-CR-00012-3

UNITED STATES OF AMERICA,      PLAINTIFF

VS.      **Electronically Filed**

NATHANIEL DURHAM      DEFENDANT

\*\*\*    \*\*\*    \*\*\*

**DEFENDANT'S SENTENCING MEMORANDUM**

Comes the Defendant, NATHANIEL DURHAM, by his appointed counsel, and for his Sentencing Memorandum, states as follows:

As this Court is aware, it is required to apply the provisions of 18 U.S.C. Section 3553 in order to impose a sentence that is sufficient, but not greater than necessary in order to accomplish the goals of sentencing. Those goals are to achieve just punishment, reflect the seriousness of the offense, promote respect for the law, deter the Defendant and others from future crime, protect the public, and provide education and treatment, when needed, in the most effective manner. In determining this sentence, the Court must consider the nature of the offense, the history and characteristics of the Defendant, the sentencing guidelines and policy statements, the need to avoid unwarranted disparities among similarly situated defendants, and the need to provide restitution (if applicable). *See* 18 U.S.C. Section 3553 (a) (1, 3-7).

The revised Presentence Investigation Report (PSR) initially calculates a Base Offense Level of 24 as a result of the guilty verdict for the violation of 18 U.S.C. Section 922(g)(1). However, the PSR states the Defendant has at least three prior convictions for a crime of violence (separate convictions of Burglary in the Second Degree [KRS 511.030] in Jefferson Circuit Court

1

Case Numbers. 10-CR-0421; 10-CR-28514; and 10-CR-03831), and these convictions qualify Mr. Durham as an Armed Career Criminal which subjects him to an enhanced sentence under Section 924(e)(1) to imprisonment for a minimum of fifteen (15) years [¶¶ 28 and 99].

The Report states that the Defendant is subject to this enhanced sentence with a total Offense Level of 33 and a criminal history category of VI, providing for a Guideline imprisonment range between 235 months and 293 months, pursuant to USSG Section 4B1.1 [¶ 100].

DEFENDANT'S OBJECTIONS TO ENHANCED SENTENCE PROVISIONS

As indicated in the Defendant's Objections to the Presentence Investigation Report that was previously filed [DN 137], the Defendant objects to his classification as an Armed Career Criminal. Although Mr. Durham was charged with being a Felon in Possession of a Firearm in violation of 18 U.S.C. Sections 922(g)(1) and 924(a)(2), the 10 year statutory maximum under these sections is replaced by a 15 year mandatory minimum sentence in the case of an offender who has been found guilty and has three previous convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another…." § 924(e)(1). The indictment [DN 12] charged the Defendant with this conduct in Count Four and listed six felony convictions of Mr. Durham from the Jefferson Circuit Court.

However, the indictment failed to list the offense dates of any of Mr. Durham's prior offenses. The jury did not receive evidence nor were they instructed on the number or type of the Defendant's felony convictions. Additionally, there was no finding by the trier of fact of the dates upon which any felony was committed. Therefore, the factual elements that would increase the penalty for this crime ("three previous convictions…for a crime of violence…committed on occasions different from one another") was never proven beyond a reasonable doubt.

In *Apprendi v. New Jersey,* 530 U.S. 466 at 483, n. 10, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), it was held that "any fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt."

"Mandatory minimum sentences increase the penalty for a crime. It follows, then, that any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury," *Alleyne v. U.S.,* 570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013).

As indicated in the Defendant's previously filed Objections to the Presentence Investigation Report, these seminal cases and *Wooden v. United States*, 142 S. Ct. 1063 (2022), stand for the principle that the Fifth and Sixth Amendments require any fact that increases the statutory maximum or minimum penalty for a crime to be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt. For these reasons, the requirement of a mandatory minimum sentence of 15 years for the Felon in Possession of a Firearm charge is impermissible and the maximum sentence for Count Four is 10 years imprisonment, a $250,000 fine and 3 years of Supervised Release.

Notwithstanding Mr. Durham's objections, the Court ruled that it will make the determination at the Sentencing Hearing whether the Defendant's previous criminal history qualifies him for the ACCA's enhanced sentencing provisions. By virtue of the Defendant's plea of not guilty to the charge in Count Four of the Indictment, Mr. Durham has neither admitted nor stipulated that he has three previous convictions for crimes of violence. Similarly, he has neither admitted nor stipulated that any of the ACCA predicates were committed on occasions different from one another.

## CONSIDERATION OF SECTION 3553(a) FACTORS
## OFFENDER CHARACTERISTICS – PERSONAL AND FAMILY DATA

As indicated in the PSR, Mr. Durham is now 31 years of age. He was a young child when he was subjected to the abuse recounted in Paragraphs 75 and 84 of the Report. His father died in October of 2022 of chronic medical issues. Although Mr. Durham in recent times maintained a close relationship with his father, the Defendant and his sister Nat'esha Goodwin, were raised by their mother because of their father's absence from the household. Ms. Goodwin has submitted a statement in support of her brother, which is attached to this Sentencing Memorandum as an exhibit.

Mr. Durham attended Shawnee High School until he was arrested in 2007. He received his GED in 2008. Mr. Durham completed numerous vocational and re-entry-oriented programs during previous periods of incarceration in the Kentucky Department of Corrections.

The PSR accurately recounts Mr. Durham's lack of issues with addiction or substance abuse. However, his previous diagnosis with Attention Deficit Hyperactivity Disorder, for which he never received professional treatment, is a need that should be addressed as he will be serving a significant amount of time (even if the Defendant's Objections to the sentence calculation in the PSR are sustained).

The Defendant understands that this Court is cognizant of its obligation to achieve a just punishment that reflects the seriousness of the offense conduct, but that effective education and treatment of the offender are also goals of sentencing.

Mr. Durham requests this Court to take into consideration the Section 3553(a) factors in the determination of a sentence that would allow him to be released after a reasonable period of time, and under supervision, to parent his children.

As indicated above, a statement of support for Mr. Durham is attached to this pleading as an exhibit.

WHEREFORE, the Defendant requests this Court to impose a reasonable sentence in this case, which is sufficient, but not greater than necessary, to accomplish the goals of sentencing.

Respectfully submitted,

/s/LARRY D. SIMON
LARRY D. SIMON
Attorney for Defendant, NATHANIEL DURHAM
American Life Building
471 West Main Street – Suite 200
Louisville, Kentucky 40202
(502) 589-4566
larrysimonlawoffice@gmail.com

## CERTIFICATE OF SERVICE

It is hereby certified that this pleading was electronically filed through the ECF system, which will send electronic notice of filing to counsel of record, on this the 8th day of December, 2022.

s/LARRY D. SIMON
LARRY D. SIMON